Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 2 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. RONALD AUWAE                    Docket No. CR 00-00195HG-02

### AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of RONALD AUWAE who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 23rd day of October 2000, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.  That the defendant provide the Probation Office access to any requested financial information.

**Modification**: On 1/30/2004, the Court modified the conditions of supervision as follows: 4) That the defendant serve up to 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

**Revocation**: On 3/5/2004, the offender appeared for revocation proceedings and admitted to the following violations: 1) refusal to comply with drug testing; 2) failure to participate in substance abuse treatment; 3) positive drug tests for methamphetamine; 4) admission of methamphetamine; 5) failure to notify the Probation Office that he was questioned by the Hawaii County Police Department; and 6) failure to notify the Probation Office of a change in residence. The Court allowed defense counsel a 30-day continuance to seek inpatient treatment. On 4/5/2004, the Court accepted the offender's admissions to all of the violations, held the matter in abeyance until 9/7/2004, continued supervised release, and imposed the following special conditions:



SEALED
BY ORDER OF THE COURT

IT IS ORDERED that upon notification by the U.S. Probation Office that a bed space is available at Ho'omau Ke Ola's residential program, the U.S. Marshal shall release the defendant to the custody of the Ho'omau Ke Ola. IT IS FURTHER ORDERED that the defendant remain in the custody of Ho'omau Ke Ola until clinically discharged.

**Status Report**: On 9/2/2004, a status report was submitted to the Court regarding the offender's progress. The Court continued the Further Order to Show Cause hearing from 9/7/2004 to 3/10/2005, and imposed the following special condition:

The offender completed the residential phase of his treatment regimen. During the next 6 months, the offender is projected to complete the intensive outpatient program and aftercare at Kaiser Permanente prior to receiving a clinical discharge.

**Revocation**: On 3/10/2005, the offender appeared for the Further Order to Show Cause hearing. The Court held the matter in abeyance until 9/15/2005, continued supervised release, and imposed the following special conditions:

5. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

6. That the defendant reside and participate in a structured living program or clean and sober house, such as the Big Island Public Center until released at the direction and discretion of the Probation Office.

**Status Report**: On 9/7/2005, a status report was submitted to the Court regarding the offender's progress. The Court held the matter in abeyance until moved upon by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the petition for Request for Course of Action dated 2/11/2004 and filed on 2/12/2004, include the following additional violations (Minute Orders attached):

7. That on 12/28/2006, the offender failed to truthfully answer the Probation Officer's inquires, in violation of Standard Condition No. 3.

8. On or about 1/21/2007, the offender engaged in conduct constituting Abuse of a Household Member, in violation of Section 709-906-85 of the Hawaii Revised Statutes and the General Condition.

9. That on 1/24/2007, the offender admitted to using methamphetamine, cocaine, and marijuana on or about December 2006 through January 2007, in violation of the General Condition.

Prob 12C
(Rev. 1/06 D/HI)

3

10. That the offender failed to follow the instructions of the Probation Officer issued on 1/24/2007, in violation of Standard Condition No. 3.

11. That in January 2007, the offender failed to notify the Probation Office 10 days prior to a change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action dated 2/11/2004 and filed on 2/12/2004, be amended to include the additional violations. The U.S. Probation Officer also recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Course of Action dated 2/11/2004 and filed on 2/12/2004, be amended to include the additional violations and the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___2/8/07___

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action dated 2/11/2004 and filed on 2/12/2004, be amended to include the additional violations and the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 8th day of February, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:  **AUWAE, Ronald**
**Criminal No. CR 00-00195HG-02**
**REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

The offender pled guilty to Count 2: Conspiracy to Possess With Intent to Distribute Cocaine, a Class B felony. On 10/23/2000, he was sentenced to 37 months imprisonment and 5 years supervised release with the special conditions noted in the petition. Supervised release began on 12/20/2002.

On 3/5/2004, the offender appeared before Your Honor and <u>admitted to these violations</u>. The Court is urged to make a finding as to the following violations:

1. That on 9/15/2003, 9/17/2003, and 1/6/2004, the offender refused to comply with drug testing, in violation of Special Condition No. 1.

2. That on 1/21/2004 and 2/4/2004, the offender failed to participate in the Intensive Outpatient Program (IOP) at Hui Ho'ola, in violation of Special Condition No. 1.

3. That urine specimens submitted on 12/10/2003, 1/9/2004, and 1/15/2004, tested positive for methamphetamine, in violation of the General Condition.

4. That on 7/7/2003, the offender admitted that he used methamphetamine on or about 7/6/2003, in violation of the General Condition.

5. That on 2/2/2004, the offender failed to notify the Probation Office that on or about 1/31/2004, he was questioned by the Hawaii County Police Department, in violation Standard Condition No. 11.

6. That on 2/2/2004, the offender failed to notify the Probation Office 10 days prior to a change in residence, in violation of Standard Condition No. 6.

On 4/5/2004, the Court accepted the offender's admissions to all of the violations, held the matter in abeyance until 9/7/2004, continued supervised release, and imposed additional supervised release conditions. The subsequent hearings that were scheduled for 9/7/2004, 3/10/2005, and 9/15/2005 were held in abeyance until moved upon by the Probation Office. During the interim, Status Reports as to the offender's adjustment were forwarded to the Court.

Re:     **AUWAE, Ronald**
        **Criminal No. CR 00-00195HG-02**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 2**

Since the offender's last appearance before the Court, the offender received a clinical discharge from residential substance abuse treatment at Ho'omau Ke Ola and a clinical discharge for intensive outpatient program and aftercare at Kaiser Permanente. In February 2005, the offender returned to his residence in Hilo. The offender secured employment through the Laborer's Union with Maryl Pacific Construction (Maryl). The offender worked for Maryl at a job site in Kona from March 2005 until approximately November 2006. While employed with Maryl, the offender resided at his father's residence in Kona from Monday through Friday and at his apartment in Hilo on the weekends. In 2005, the offender and his girlfriend participated in 10 sessions of couple's counseling. In November 2006, the offender was laid off from work due to a questionable drug test. The offender failed to report this to this officer until we discovered it in December 2006. Since December 2006, the offender was untruthful with this officer; he was arrested for domestic abuse; and he failed to follow our instructions. The violations are as follows:

**Violation No. 7 - Failure to Truthfully Answer the Probation Officer's Inquiries:** On 12/28/2006, this officer conducted an unannounced home inspection with the intention of meeting with the offender's girlfriend. Upon arriving at the residence, the offender was present which was unusual because this was a Thursday, and he was expected to be at his work site in Kona. When questioned about employment, the offender reported that he was still employed by Maryl. The offender stated that he continued to work at the Kona work site, Monday through Friday.

However, follow up contact with the offender's supervisor revealed that his last day of work with Maryl was on 11/17/2006. The offender's supervisor reported that the offender was temporarily laid off because of his recent erratic behavior and because he had submitted a "diluted" urine specimen during workplace drug testing. The offender is subject to random drug testing as a condition of employment. The offender's supervisor informed that the offender could return to Maryl if he completed a substance abuse treatment program. The offender's reply that he was still working at the Maryl site in Kona was untruthful.

**Violation No. 8 - Conduct Constituting Abuse of a Household Member:** On 1/21/2007, the offender was arrested for Abuse of a Household Member. According to Police Report No. C07002210, on 1/21/2007, the offender's girlfriend reported to police that during a verbal altercation with the offender, he "slapped her in the forehead." The police report indicates that there were no visible injuries, and the offender's girlfriend refused medical treatment. The police report also indicates that the offender filed a counter-report, Police Report No. C07002215, and admitted to slapping his girlfriend

Re:  **AUWAE, Ronald**
     **Criminal No. CR 00-00195HG-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

after she grabbed him by the back of his shirt and scratched his neck. According to the police report, the offender's 4-year-old son was not present.

**Violation No. 9 - Admission of Drug Use:** When questioned about the information received from his supervisor, the offender admitted that he had relapsed on illicit drugs and had been using methamphetamine, cocaine, and marijuana while working in Kona. The offender admitted that he had last used illicit drugs on 12/31/2006.

**Violation No. 10 - Failure to Follow the Probation Officer's Instructions:** On 1/24/2007, in response to the offender's arrest and his admission of illicit drug use, the offender was instructed to immediately move from his reported residence with his girlfriend to a clean and sober residence operated by an uncle. However, follow up contact with the offender's uncle revealed that the offender reported to the clean and sober house and stayed for one night on or about 1/24/2007, and that he never returned or stayed at this residence thereafter.

**Violation No. 11 - Failure to Report a Change of Residence 10 Days Prior:** As mentioned in Violation No. 10, on 1/24/2007, the offender failed to report a change in residence when he moved from the clean and sober house.

Based on the offender's violations, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

LKTJ/ct

Re:  **AUWAE, Ronald**
 **Criminal No. CR 00-00195HG-02**
 **REVOCATION OF SUPERVISED RELEASE**
 **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

# MINUTES



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

April 5, 2004  4:30 pm

'04 APR -7 A10 :32

WALTER A.Y.H. CHINN, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 00-00199HG |
| CASE NAME: | U.S.A. v (02) RONALD AUWAE |
| ATTYS FOR PLA: | Chris A. Thomas |
| ATTYS FOR DEFT: | Jerry I. Wilson |
| U.S.P.O.: | Lisa K.T. Jicha |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Stephen Platt |
| DATE: | April 5, 2004 | TIME: | 4:15 - 4:30 |

COURT ACTION:   FURTHER HEARING ON ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED -

The defendant is present in custody.

Allocution by the defendant..

The Court deferred ruling on the Order to Show Cause Why Supervised Release Should Not Be Revoked.

IT IS ORDERED that upon notification by the U.S. Probation Office that bed space is available at Ho'omau Ke Ola's residential program, the U.S. Marshal shall release the defendant to the custody of the Ho'omau Ke Ola. IT IS FURTHER ORDERED that the defendant remain in the custody of Ho'omau Ke Ola until clinically discharged.

Further hearing on Order to Show Cause Why Supervised Release Should Not Be Revoked is continued to September 7, 2004 @ 2:15 p.m.

Submitted by: David H. Hisashima, Courtroom Manager

cc:   Chris A. Thomas, Esq.
Jerry I. Wilson, Esq.
U.S. Probation Office  ✓
U.S. Marshal

G:\docs\david\AUWAE FURTHER OSC SUPERVISED RELEASE 4-4-04.wpd

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

March 10, 2005  4:30 pm

WALTER A.Y.H. CHINN, CLERK

CASE NUMBER:      CR. 00-00195HG

CASE NAME:        U.S.A. vs. (02) RONALD AUWAE

ATTYS FOR PLA:    Chris A. Thomas

ATTYS FOR DEFT:   Jerry I. Wilson

U.S.P.O.:         Lisa K.T. Jicha

JUDGE:    Helen Gillmor         REPORTER:   Stephen Platt

DATE:     March 10, 2005        TIME:       2:15 - 2:35

COURT ACTION:  FURTHER HEARING ON ORDER TO SHOW CAUSE WHY
SUPERVISED RELEASE SHOULD NOT BE REVOKED -

The defendant is present not in custody.

Discussion held regarding the defendant's domestic situation. Ms. Jicha will review the defendant's union medical insurance policy and set up an appointment with a therapist.

The Court imposed the following additional conditions of supervised release:

5. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

6. That the defendant reside and participate in a structured living program or clean and sober house, such as the Big island Public Center until released at the direction    and discretion of the Probation Office.

Further hearing on Order to Show Cause Why Supervised Release Should Not Be Revoked is set for September 15, 2005 @ 1:30 p.m.

G:\docs\david\AUWAE OSC 3-10-05.wpd

Submitted by: David H. Hisashima, Courtroom Manager

Submitted by: David H. Hisashima, Courtroom Manager

cc:   The above-listed attorneys
U.S.P.O. Lisa K.T. Jicha
Judge Gillmor's chambers